BOARD OF COUNTY COMMISSIONERS
OF NATRONA COUNTY, Wyoming,
Appellant (Plaintiff below),

v.

JUSTICE COURT NUMBER TWO, Earl R.
Johnson, Jr., presiding, Appellee
(Defendant below).

No. 4409.

Supreme Court of Wyoming.

Dec. 23, 1974.

John Burk, County Atty., Casper, for appellant.

Richard G. Miller, Casper, for appellee.

Before PARKER, C. J., and McEWAN and GUTHRIE, JJ..

Mr. Justice McEWAN delivered the opinion of the court.

This was an action to determine whether the justice of the peace was required to collect and remit to the county a $4.00 docket fee for civil actions in addition to the $1.50 "appearance fee" in small claims proceedings. The justice of the peace had not been collecting the $4.00 fee and the trial court held that the proper fee to be collected was $1.50, from which judgment the county has appealed.

In 1933 the legislature passed an act setting forth procedures in what is commonly referred to as the small claims court. The act, which is now §§ 1–562 through 1–570, W.S.1957, 1973 Cum.Supp., originally applied to civil actions not exceeding $50.00. In 1973 the act was amended to an amount not to exceed $200.00. Section 1–562 provides:

"In the trial of civil cases before any justice of the peace, in which the amount claimed, exclusive of costs, does not exceed the sum of $200, the procedure to be followed and the costs to be taxed may be as herein defined."

The act further provides that an action may be commenced, heard, and determined whenever any person appears before the

justice and executes an affidavit reciting the nature of the claim, the amount due, that demand has been made and payment refused, and deposits an appearance fee of $1.50. The justice then files the affidavit and has service made upon the defendant either in the manner as provided by law for service of summons or by registered letter. The trial is informal and provisions are made for appeal to the district court. The act further specifies that the remedy provided therein is accumulative and not exclusive.

Section 5–100(b), W.S.1957, provides that justices of the peace in precincts having a population of more than 1500 (the justice of the peace precinct in this case has a population of more than 1500) shall collect and remit to the county treasurer filing and docket costs of $4.00 for any civil action, except those filed in the small claims court [§§ 1–562 to 1–570]. The county argued that § 1–562 "is not a clear legislative directive" and is "unconstitutional for creating special or permissive practice."

■ It appears clear from the reading of the statutes that the legislature intended to and did provide an additional method whereby a party could bring an action when it adopted §§ 1–562 to 1–570. We conclude that the county's argument on this point is without merit.

■ In its constitutional argument the county pointed out that when § 1–562 was amended in 1973 the amount was increased to $200 and "shall" was changed to "may" so that the pertinent part of the statute now reads " * * * the procedure to be followed and the costs to be taxed *may* be as herein defined." [Emphasis supplied.] The county contended that the word "may" granted the justice of the peace the elec-

tion to require a party to proceed either under § 1–562 or § 5–100(b), the $4.00 filing fee statute, creating special or permissive practice in violation of constitutional prohibitions. It cited Wyoming Constitutional provisions, Art. 1, Sec. 34, which provides that "All laws of a general nature shall have a uniform operation.", and Art. 3, Sec. 27, which states that "The legislature shall not pass local or special laws * * * regulating the practice in courts of justice * * *." In support of this argument it contended that since the statute was permissive some justices of the peace would only charge a $1.50 fee while others would charge a $4.00 fee. If the determination were with the justice of the peace the county's argument would have merit. However, we think the statute places the selection not with the justice of the peace but with the party bringing the action so that he *may* institute an action in the small claims court under § 1–562 et seq. or he may bring it as a regular action in justice court under § 5–100 et seq.

While the matter may become moot after January 1, 1975 because § 5–100 is to be repealed when the new Justice of Peace Court System statutes §§ 5–99.1 to 5–99.23, W.S.1957, 1973 Cum.Supp.] become effective, the matter had to be determined because the trial court had issued an injunction pendente lite requiring the justice to collect the $4.00 fees pending final disposition of this matter. The justice of the peace had been collecting the $4.00 fee in each civil case and has deposited the monies in a trust account and the record shows that he had accounted to the trial court for the sequestered funds in excess of $2,500; and such funds will have to be disposed of by the trial court.

The judgment of the trial court is affirmed.